(175 App. Div. 681)

## In re QUINN.

(Supreme Court, Appellate Division, Third Department.   September 28, 1916.)

ELECTIONS ☜299(1)—RIGHT TO EXAMINE BALLOTS—STATUTE.

Under Town Law (Consol. Laws, c. 62) § 67, providing that, in case of a contest or other proceeding wherein the validity of the election of a town officer is in controversy, the ballots cast may be examined and recounted, as provided by law in case of other officers elected at general elections, a candidate for the office of town clerk at a general election held in the town of Granville, Washington county, November, 1915, whom the board of canvassers of the town declared to have been defeated by one vote, was entitled to an order granting him and his agents permission to examine the ballots cast on which his name appeared as a candidate.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 307; Dec. Dig. ☜299(1).]

Appeal from Special Term, Washington County.

Petition by William Quinn to examine ballots; Evan R. Evans intervening. From an order denying intervener's motion to vacate and set aside an ex parte order of inspection, the intervener appeals. Motion to vacate the order of inspection denied.

The following is the opinion of Borst, J., at Special Term:

William Quinn and Evan R. Evans were candidates for the office of town clerk at the general election held in the town of Granville, Washington county, November, 1915. The board of canvassers of the town declared Evans elected by a plurality of one vote over Quinn. On the 8th day of January, 1916, Quinn obtained an order from the Supreme Court permitting him and his agents to inspect and examine each of the ballots cast at the election on which his name appeared as a candidate for the office of town clerk, and directed the town clerk of the town to produce the boxes that contained the ballots for such examination, and that a copy of the order should be served upon Evans, and he be given three days' written notice to appear and be present at the town clerk's office of the town during the inspection and examination of the ballots.

An order had been previously obtained from a justice of the Supreme Court on December 18, 1915, directing that the ballot boxes, which contained the ballots in question, be locked and sealed. The order obtained by Quinn further provided that after such examination the ballots be returned to the ballot boxes by the town clerk of the town, and that they be sealed and locked in the presence of Quinn and Evans and at least two members of the board of canvassers of the town, and that thereafter the ballots remain inviolate in the sealed boxes until the further order of the court.

Evans has intervened, and moves to set aside the order granting Quinn and his agents permission to examine the ballots, and staying such examination until the decision of his motion. The affidavits on which the original order was obtained by Quinn disclosed facts sufficient to entitle him to it, if he was entitled to it at all under the provisions of the statutes, so that the only question presented is whether or not he is entitled under any state of facts to the order in question.

Section 67 of the Town Law, which has been in effect for some years provides that, in cases where the biennial town meeting is held at the same time as the general election, it shall be conducted by the inspectors of election, who shall at the close of the polls proceed to canvass the votes for the town officers, the same as the votes of other candidates cast at such general election, and make and file a statement of the whole number of votes cast for each candidate for a town office, and deliver them to a justice of the peace of the town, and on the Thursday succeeding such town meeting held

with such general election such votes shall be recanvassed and the result of such election shall be declared. The section further provides: "In case of a contest or other proceeding in which the validity of the election of a town officer in any such town is in controversy, the ballots cast at any town meeting and election may be examined and recounted, as provided by law, in case of other officers elected at general elections.".

Prior to 1913, section 374 of the Election Law (Consol. Laws, c. 17) provided only for the preservation of ballots but the Legislature in that year (Laws 1913, c. 821) amended that section by adding thereto the following: "Any candidate shall be entitled as of right to an examination in person or by authorized agents of any ballots upon which his name lawfully appeared as that of a candidate; but the court shall prescribe such conditions as of notice to other candidates or otherwise as it shall deem necessary and proper"— which amendment took effect on the 17th day of December, 1913.

It is contended by counsel for the intervener that it is only a candidate other than one for a town office who may have the benefit of the provisions of this amendment, except when there is a contest or proceeding in which the validity of the election of the town officer, a candidate at the polls, is in controversy. There may be less difference in the provisions of the Town Law and that of the amendment referred to than is noted by counsel, as undoubtedly it was not intended to have an examination under the Election Law as amended, unless a proceeding was intended or pending in which the validity of the election of a candidate is in controversy.

It is not necessary, however, to decide whether this is so or not, as the proceeding instituted by the order in question is a proceeding in which the validity of the election of a town officer at the general election held in the town of Granville in 1915 is in controversy. It is therefore unimportant on this motion to determine whether the election law, by virtue of the amendment of 1913, permits an examination of ballots on which the names of town officers appear, except in case of a contest or other proceeding in which the validity of an election of a town officer is in controversy.

The motion, therefore, to vacate the order of inspection must be denied. As the time, however, in which the inspection was to be had has expired, another sufficient notice must be given to Mr. Evans, of the proposed inspection.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

J. B. McCormick, of Granville (E. C. Rogers, of Hudson Falls, of counsel), for appellant.

Milford D. Whedon, of Granville, for respondent.

PER CURIAM. Order unanimously affirmed, with $10 costs and disbursements, on the opinion of Borst, J., at Special Term.

---

RADT v. HIRSH et al.

(Supreme Court, Appellate Term, First Department. July 7, 1916.)

1. LANDLORD AND TENANT ⬤230(9)—ACTION FOR RENT—PLEADING AND EVIDENCE.

In an action for rent, defended on the ground of a constructive eviction by landlord's negligence in permitting the roof to become defective, and in failing to repair it after notice, not setting up any written notice, as provided by the lease, but alleging that the lessee "personally" notified the landlord of the defect in the roof, evidence that notice was given by one of the lessee's agents to the lessor, who told the lessee to take the matter up with the janitor, was within the allegation.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 922–924; Dec. Dig. ⬤230(9).]